**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nathaniel Bitsui, | No. CV-21-00200-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Rich J Peters, et al., | |
| Defendants. | |

The Court is in receipt of *pro se* Plaintiff's Motion for Reconsideration (Doc. 24). Plaintiff seeks reconsideration of this Court's Order (Doc. 22), which dismissed the Complaint and dismissed Judge Rassas and Judge Sukenic from this action with prejudice. The Court does not require a response.  The Motion is denied.

"The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). Plaintiff argues that the basis of his Motion is his assertion that "federal law preempts state jurisdiction" regarding federal benefits. (Doc. 24).  He argues that the state court action giving rise to this action was unconstitutional.  (*Id.*)

The Court's prior Order was based, in part, on the *Rooker-Feldman* doctrine. (Doc. 22 at 3).  Under that doctrine, federal district courts lack jurisdiction over a challenged state court action, *even if* a plaintiff alleges the action was unconstitutional. *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983).   Therefore, Plaintiff's

arguments that a state court action was unconstitutional do not show manifest error in the Court's prior order.  The Motion raises no other arguments warranting reconsideration.

The Court previously noted Plaintiff could have filed an amended complaint by March 30, 2021.  That time has passed.  If Plaintiff wishes to continue this action, he must now file a motion for leave to amend his Complaint as described in the Court's prior order. (Doc. 22 at 6–7).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration is **denied**.

Dated this 31st day of March, 2021.

Honorable Diane J. Humetewa
United States District Judge