**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nathaniel Bitsui, | No. CV-21-00200-PHX-DJH |
| Plaintiff, | **AMENDED ORDER** |
| v. | |
| Michael Rassas, et al., | |
| Defendants. | |

Pending before the Court is Defendants Judge Michael Rassas and Judge Howard Sukenic's Motion to Dismiss (Doc. 15). They move to dismiss this action with prejudice. *Pro se* Plaintiff Nathaniel Bitsui has filed a response in opposition (Doc. 19), and Defendants have filed a Reply (Doc. 21). The matter is fully briefed. For the following reasons, the Court will grant the Motion in part. The Court will dismiss Plaintiff's Complaint without prejudice, and it will dismiss Judge Rassas and Judge Sukenic from this action with prejudice.

**I.   Background**

This case appears to arise from a family court matter litigated in Maricopa County Superior Court. The named Defendants are all judges, attorneys, and the State of Arizona. (Doc. 1 at 1). Because so few facts are actually alleged, it is hard to tell the precise nature of that case. What are plain are the allegations that Judge Rassas issued "illegal orders" depriving Plaintiff of federal benefits. (*Id.* at 8). Judge Rassas allegedly "treated the Plaintiff's [federal benefits] as 'income' for support orders under Arizona law," which

Plaintiff argues was beyond the Judge's authority. (*Id.*) The Complaint also alleges that Judge Sukenic issued similar illegal orders. (*Id.* at 11). Plaintiff generally alleges that this lawsuit is about "the fraud committed" by Defendants who were "fully aware" that they lacked jurisdiction to adjudicate matters related to Plaintiff's federal benefits. (*Id.* at 13).

The Complaint's claims are brought under 42 U.S.C. §§ 1983, 1985 and "under Common Law Torts." (*Id.* at 1). Plaintiff seeks declaratory and injunctive relief from the state court order as well as damages. (*Id.* at 7). Judge Rassas and Judge Sukenic move to dismiss the Complaint with prejudice. (Doc. 15 at 1). The Motion appears to be made under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

## II.   Legal Standard

Complaints must plainly and briefly show the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This standard does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Complaints must show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The alleged facts must "raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. In addition, if a party alleges fraud, that "party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

In evaluating a motion to dismiss, the Court will accept a complaint's factual allegations as true, and it will interpret them in a plaintiff's favor. *Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001) (citing *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). However, the Court need not accept a Complaint's legal conclusions. *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## III.   Analysis

Defendants identify four flaws in the Complaint. (Doc. 15 at 1). They argue that this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, that their status as judges makes them immune from this suit, that the federal claims against Judge

Sukenic are barred by the statute of limitations, and that Plaintiff fails to state a claim. (*Id.*)

    a. Rooker-Feldman

"If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker–Feldman* bars subject matter jurisdiction in federal district court." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). The doctrine stems from the principle that federal district courts only have limited original jurisdiction, and that they lack appellate jurisdiction over state proceedings. *Id.* at 1155.

In *District of Columbia Court of Appeals v. Feldman*, the Supreme Court held that federal district courts lack jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." 460 U.S. 462, 486 (1983). In that case, Feldman brought a suit against a local court and its officers in a federal district court after the local appeals court denied Feldman's petitions to be admitted to the bar. *Id.* at 468. The Court held that federal district courts lacked authority to review final state court judgments; only the Supreme Court has that power. *Id.* at 482. As the Ninth Circuit latter summarized, the doctrine applies when a federal plaintiff complains "of harm caused by a state court judgment that directly withholds a benefit from (or imposes a detriment on) the federal plaintiff, based on an allegedly erroneous ruling by that court." *Noel*, 341 F.3d at 1163.

Here, Plaintiff is complaining of a harm cause by a state court judgment that withheld benefits from him. Plaintiff argues that *Rooker-Feldman* does not apply because this case is "not an appeal." (Doc. 19 at 5). However, the relief Plaintiff seeks is a judgment from this Court declaring that a state court's action in violation of federal law. (Doc. 1 at 7). Granting his requested relief would be the "*de facto* equivalent" of an appeal. *See Noel*, 341 F.3d at 1155. To the extent that Plaintiff's Complaint alleges harm caused by the state court's allegedly erroneous ruling, under *Rooker-Feldman*, this Court has no power to address Plaintiff's claim.

/ / /

### b. Judicial Immunity

Judge Rassas and Judge Sukenic argue they are immune from this action because Plaintiff's claims relate to their judicial activities. (Doc. 15 at 4). It is well established that judges are immune "from liability for damages for acts committed within their judicial jurisdiction . . . ." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). There are some limits to this immunity. For example, a judge is not immune from suits for prospective injunctive relief. *Pulliam v. Allen*, 466 U.S. 522, 541 (1984). Nor does immunity protect a judge whose actions were "taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 12 (1991). Plaintiff argues that his suit is for prospective relief, and that the complained of actions were taken without proper jurisdiction. (Doc. 19 at 2–3).

Plaintiff's request for "Prospective Injunctive Relief" asks for a "ruling that the State has no authority to assign VA or SSA benefits . . . [and that] the State must perform an audit of ALL cases involving the Plaintiff to identify and resolve every act of misconduct, abuse of discretion and violation of Rights covered by Preemption." (Doc. 1 at 7). But this is not a request for prospective injunctive relief. In *Papasan v. Allain*, the Supreme Court differentiated between prospective and retrospective relief. 478 U.S. at 278. Retrospective relief, "in essence serves to compensate a party injured in the past by an action of a state official in his official capacity that was illegal . . . ." *Id.* Plaintiff's requested relief likewise attempts to compensate himself for past state actions. His requested injunctive relief is not prospective. *Twombly*, 550 U.S. at 555 (holding that courts need not accept a complaint's legal conclusions).

Plaintiff also argues that Arizona family courts lack jurisdiction to consider federal benefits as income for purposes of support orders. (Doc. 19 at 3). Plaintiff makes the legal assertion that where "[Combat Related Special Compensation, Veterans Affairs, or Social Security Administration] benefits are concerned, the state has NO authority to use them in any legal or equitable process, whatever." (*Id.*) The Court need not address authority that contradicts this proposition. *See* 10 U.S.C. § 1408(d) (allowing military retirement pay to be allocated by state court orders to pay child support or alimony); 42 U.S.C. § 659 (stating

that payments under Title 38 and 42 may be withheld "in accordance with State law" for child support or alimony). It is sufficient to note that Plaintiff concedes Arizona's superior courts have jurisdiction over "a wide variety of things, including child support . . . ." (Doc. 19 at 3). Arizona's superior courts do have original jurisdiction over a wide variety of matters, including divorce. Ariz. Const. art. VI § 14. As this is an action seemingly rooted in a divorce proceeding, Plaintiff fails to show that Judge Rassas and Judge Sukenic acted "in the *complete absence* of all jurisdiction." *Mireles*, 502 U.S. 9, 12 (1991) (emphasis added). Both Judge Rassas and Judge Sukenic remain immune from the claims in this suit.

   c. *Statute of Limitations for Judge Sukenic*

   Defendants note that the Complaint only alleges claims against Judge Sukenic arising from 2015 and 2016, which fall well outside the two-year statute of limitations for §§ 1983 and 1985 claims. (Doc. 15 at 6) (citing *McDougal v. Cnty. of Imperial*, 942 F.2d 668, 680 (9th Cir. 1991) (holding that a state's personal-injury action statute of limitation applies to §§ 1983 and 1985 claims); A.R.S. § 12-542(1) (establishing a two-year limit on personal injury claims)). Plaintiff's fails to address this argument except to say "[t]here is no statute of limitations on the predatory embezzlement of federal funds . . . ." (Doc. 19 at 4). But there is no doubt that § 1983 and § 1985 claims have a statute of limitations, and such claims against Judge Sukenic based on events from 2015 and 2016 are time barred.

   d. *Failure to State a Claim*

   Defendants also argue the Complaint fails to state a claim by only making "blanket assertions without any factual allegations . . . ." (Doc. 15 at 7). The Court agrees. Plaintiff's Complaint alleges so few facts that the Court cannot infer what Plaintiff's precise tort claim or claims are. And while the Complaint alleges fraud, it does not meet the heightened pleading requirements established by Federal Rule of Civil Procedure 9(b). *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged.") (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). Invoking the word fraud, without further factual allegations, does not suffice to state a claim.

Because of the deficiencies detailed above, the Court will dismiss Plaintiff's Complaint.

**IV.    Leave to Amend**

Courts freely give leave to amend complaints "when justice so requires." Fed. R. Civ. P. 15(a)(2). This Rule helps courts reach the merits of a claim, rather than just dismissing them on the pleadings or technicalities. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). But courts are not required to grant leave to amend, and "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

There are many reasons why the Court is inclined to believe that the problems identified by this Order cannot be cured by amendment. With regards to Judge Rassas and Judge Sukenic, the Court finds it would be futile to permit Plaintiff to carry on his claims against them because of the *Rooker-Feldman* doctrine and judicial immunity. Therefore, the Court will dismiss both Judge Rassas and Judge Sukenic from this action with prejudice. At this juncture, however, because there are so few facts alleged in the Complaint, it would be premature to dismiss this entire case with prejudice.

Plaintiff may now proceed in several ways. Because Federal Rule of Civil Procedure 15(a)(1)(B) allows Plaintiff to file an amended complaint within 21 days after service of a Rule 12(b) motion, Plaintiff may file an amended complaint by March 30, 2021. If Plaintiff fails to file an amended complaint by that deadline, then Plaintiff must file a motion for leave to amend in accordance with Local Rule 15.1(a).[1] The Court will remind Plaintiff that any amended complaint must address the deficiencies noted above. Plaintiff may also voluntarily file a notice of dismissal and dismiss this action. Fed. R. Civ. P. 41(a)(1)(A).

/ / /

/ / /

---

[1] "A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." LRCiv 15.1(a).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Judge Rassas and Judge Sukenic's Motion to Dismiss (Doc. 15) is **granted** in part. Plaintiff's Complaint (Doc. 1) is **dismissed**. Defendants Judge Rassas and Judge Sukenic shall be **dismissed** from this action with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint by March 30, 2021, or file a motion for leave to amend within thirty (30) days of the date this Order is entered.

**IT IS FINALLY ORDERED** that if Plaintiff fails to file an amended complaint by March 30, 2021, and fails to file a motion for leave to amend within (30) days of the date this Order is entered, the Clerk of Court shall kindly dismiss this action without further order of this Court.

Dated this 1st day of April, 2021.

Honorable Diane J. Humetewa
United States District Judge